UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL LEE LAUER,<br><br>      Plaintiff,<br> v.<br><br>KING COUNTY JAIL STAFF, et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-02416-JHC-DWC<br><br>ORDER DECLINING TO SERVE |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Daniel Lee Lauer, proceeding *pro se* and *in forma pauperis*, filed a proposed civil rights Complaint under 42 U.S.C. § 1983. Dkts. 4, 4-1. Having reviewed and screened Plaintiff's proposed Complaint (Dkt. 4-1) under 28 U.S.C. § 1915A, the Court declines to serve the proposed Complaint, but grants Plaintiff leave to amend it, if possible, to correct the deficiencies identified herein.

I. **Background**

Plaintiff, who is detained at King County Jail ("KCJ") initiated this lawsuit on November 21, 2025. Dkt. 1. After receiving an IFP Deficiency Letter, Plaintiff filed his Motion to Proceed

ORDER DECLINING TO SERVE - 1

*In Forma Pauperis* ("IFP Motion") and proposed Complaint. Dkts. 4, 4-1. The Complaint lists the following as Defendants in this action: KCJ Staff, KCJ Medical Staff, and King County Department of Adult and Juvenile Detention ("KCDAJD"). Dkt. 4-1 at 1.

In the Complaint, Plaintiff alleges what while detained at KCJ, the jail staff, including the medical team, subjected him to unsafe conditions and denied him medical care. *Id.* Several of the individuals who allegedly mistreated Plaintiff no longer work at KCJ because their work visas expired. *Id.*

**II.      Discussion**

    A.      *Screening Standard*

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the

violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

After informing a pro se litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

B.  *Failure to State a Claim*

An initial screening of the Complaint shows that Plaintiff fails to state a claim. Specifically, Plaintiff fails to allege that any specific Defendant violated his constitutional rights. The Complaint lists the Defendants in the caption but does not allege how they violated Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining that a defendant is liable under § 1983 "only upon a showing of personal participation by the defendant."). In addition, Plaintiff's allegations are conclusory. He merely states that he was subject to unsafe housing and was denied medical care at KCJ. And he cannot sue KCDAJD because it is an arm of the State. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989) (holding that "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" subject to suit under § 1983).

The Court, therefore, declines to serve the Complaint because Plaintiff fails to state any colorable claims. Finally, the Court includes below the legal standards for a Fourteenth Amendment inadequate medical care claim and a Fourteenth Amendment conditions of confinement claim to aid Plaintiff if he chooses to file an amended complaint.

1.  Inadequate Medical Care

"The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Rather, to state a claim based on inadequate medical care, a pretrial detainee must plausibly allege: (1) a defendant acted intentionally with respect to the provision of inadequate medical care; (2) the inadequacies in care put the detainee at substantial risk of suffering serious harm; (3) a reasonable official in the defendant's shoes would have appreciated the substantial risk of harm; (4) the defendant did not take reasonable available measures to abate

or mitigate the risk of harm to the detainee; and (5) the defendant's failure to take such measures caused the detainee's harm. *Id.* (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). A claim of inadequate medical care may be premised on allegations that a defendant denied, delayed, or interfered with the provision of adequate care. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (regarding analogous claims under the Eighth Amendment).

2. <u>Conditions of Confinement</u>

A pretrial detainee's claim challenging the alleged unconstitutional conditions of confinement fall under the Fourteenth Amendment Due Process Clause. *See Gordon*, 888 F.3d at 1124 n.2. The Court evaluates Fourteenth Amendment conditions of confinement claims under the objective deliberate indifference standard. *Id.* To establish unconstitutional conditions of confinement, a plaintiff must prove that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125; *Castro*, 833 F.3d at 1071.

C. *Instructions to Plaintiff*

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person or entity who violated the right; (3) exactly what the individual or entity did or failed to do; (4) how the action or inaction of the individual or entity is connected to the

violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's or entity's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking any Defendants to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

**III.    Conclusion**

For the foregoing reasons, Plaintiff has failed to state a claim in his proposed Complaint (Dkt. 4-1).

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **February 9, 2026**, the undersigned will recommend dismissal of this action without prejudice.

1    Finally, the Clerk of Court is directed to send Plaintiff a copy of this Order and the
2 appropriate forms for filing an amended 42 U.S.C. § 1983 civil rights complaint and for service.
3    Dated this 9th day of January, 2026.

*[signature]*
David W. Christel
United States Magistrate Judge